PEOPLE v SHINHOLSTER

Docket Nos. 145074, 142403. Submitted September 10, 1992, at Detroit. Decided November 2, 1992, at 9:10 A.M. Leave to appeal sought.

McClurie Shinholster pleaded guilty in the Detroit Recorder's Court, Terrance K. Boyle, J., of delivery of less than 50 grams of cocaine, MCL 333.7401(2)(a)(iv); MSA 14.15(7401)(2)(a)(iv), and possession with intent to deliver at least 50 grams but less than 225 grams of cocaine, MCL 333.7401(2)(a)(iii); MSA 14.15(7401) (2)(a)(iii). He was sentenced to concurrent terms of imprisonment for 1½ to 20 years for delivery and 10 to 20 years for possession with intent to deliver. He appealed, and while the appeal was pending, § 7401 was amended to allow sentencing judges to depart from the mandatory minimum sentences for convictions under subsection 2(a)(ii),(iii), or (iv) where substantial and compelling reasons support a departure. The Court of Appeals, WAHLS, P.J., and GILLIS and MAHER, JJ., affirmed in an unpublished opinion per curiam decided October 5, 1988 (Docket No. 106325). The Supreme Court vacated the Court of Appeals decision and remanded the case to the Recorder's Court for resentencing in accordance with *People v Schultz,* 435 Mich 517 (1990), in which it was held that § 7401, as amended, applied retroactively to cases pending when the amendment took effect. 437 Mich 866 (1990). The Recorder's Court imposed the same sentences, finding reasons for a six- to twenty-year sentence for the conviction of possession with intent to deliver, but determining those reasons to be less than substantial and compelling. The defendant appealed.

The Court of Appeals *held:*

After resentencing, *People v Hill,* 192 Mich App 102 (1991), held that reasons for departing from mandatory minimum sentences must be objective and verifiable and may be based on prearrest and postarrest considerations that include, but are not limited to, the facts of the crime, and the defendant's prior record, age, and work history.

The reasons supporting a six- to twenty-year sentence for the defendant's more serious offense are substantial and compelling when examined in light of *Hill,* requiring remand for imposition of that sentence.

Reversed and remanded.

TAYLOR, J., dissenting in part, stated that the case should be remanded for resentencing in order to allow the Recorder's Court an opportunity to apply to this case the test announced in *Hill.*

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of Research, Training, and Appeals, and *Brian D. Marzec,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Debra Gutierrez-McGuire*), for the defendant on appeal.

Before: HOOD, P.J., and CONNOR and TAYLOR, JJ.

HOOD, P.J. This is the second time this case has been through the appellate process. On December 16, 1986, defendant pleaded guilty in Detroit Recorder's Court of one count of delivery of less than 50 grams of cocaine, MCL 333.7401(2)(a)(iv); MSA 14.15(7401)(2)(a)(iv), and one count of possession with intent to deliver more than 50 grams but less than 225 grams of cocaine, MCL 333.7401(2)(a)(iii); MSA 14.15(7401)(2)(a)(iii). He was sentenced to concurrent terms of imprisonment for 1½ to 20 years for the delivery conviction and 10 to 20 years for the possession with intent to deliver conviction.

Defendant appealed as of right and, on October 5, 1988, his convictions and sentences were affirmed by this Court. *People v Shinholster,* unpublished opinion per curiam of the Court of Appeals decided October 5, 1988 (Docket No. 106325). On November 29, 1990, our Supreme Court vacated that decision and remanded the case for resentencing in light of *People v Schultz,* 435 Mich 517; 460 NW2d 505 (1990). *People v Shinholster,* 437 Mich

866 (1990). On remand, the same sentences were imposed. Defendant appeals as of right. We reverse.

In *Schultz,* our Supreme Court held that where a statute has been amended to allow the sentencing court to depart from the mandatory minimum for substantial and compelling reasons, that provision applies retroactively to cases pending when the amendment took effect. 435 Mich 532-533. In this case, because the issue had been preserved and because the case was pending on appeal in March 1988 when the amendment took effect, the case was remanded for resentencing.

At the resentencing hearing, the trial court found that there were no substantial and compelling reasons to depart from the mandatory minimum. Defendant argues that the trial court used the wrong test to determine what factors constitute substantial and compelling reasons for departure. We agree.

The trial court stated that the words "substantial and compelling" were terms of art in the context of First Amendment and Due Process jurisprudence, and that in that context it was a standard that could never be met. The court held that the terms ought to mean, at a minimum, "very, very, very important reasons," that is, "something so clear that virtually no reasonable sentencing judge would disagree. It ought to mean that a departure downward is required to do justice. It ought to mean that the sentence to be imposed is so clearly disproportionately high in light of the offense and the offender that virtually no reasonable trial judge would deem the sentence to be appropriate." The court, after indicating that it would prefer to impose a six- to twenty-year sentence for the possession conviction, found that there were no substantial and compelling reasons

for departure and imposed the mandatory minimum.

After defendant's resentencing hearing, this Court resolved the conflict regarding what factors should be examined in determining whether substantial and compelling reasons for departure exist. See *People v Hill,* 192 Mich App 102; 480 NW2d 913 (1991). In *Hill,* we adopted the definition used in *People v Downey,* 183 Mich App 405; 454 NW2d 235 (1990), as modified by *People v Krause,* 185 Mich App 353; 460 NW2d 900 (1990). Under the *Hill* test, substantial and compelling reasons must be objective and verifiable and may be based on conduct occurring before or after the defendant's arrest. 192 Mich App 115. Factors to be considered include, but are not limited to: (1) the facts of the crime, (2) the defendant's prior record, (3) the defendant's age, and (4) the defendant's work history. 192 Mich App 110-111.

It should be noted that the cases relied upon by *Hill* used the plain, ordinary, and dictionary definitions of the words "substantial and compelling." 192 Mich App 110-111, 113. According to *Hill,* the purpose of the amendment was to " 'moderate what has been an uncompromising law and . . . give judges greater flexibility in making sentencing decisions based on the individual circumstances of a case.' " 192 Mich App 117 (quoting legislative history). It is therefore clear that trial courts are not authorized or free to adopt wholesale the meaning of the words "substantial and compelling" in the First Amendment context. It is also clear that the words "substantial and compelling" are not a threshold that is meant to be impossible to reach. Departure from the range recommended by the guidelines, however, is allowed "only in rare and exceptional cases where the original legislative purpose [to deter drug of-

fenses] will not be defeated." 192 Mich App 118-119.

In this case, the sentencing court found that defendant had already served four years in prison and had a very good record, receiving only three tickets for misconduct; that, at age thirty-six, he had a good prior record that included only an eleven-year-old misdemeanor conviction for possession of marijuana; that he had a history of steady employment and strong family support; that there was no evidence of previous drug dealing; and that the government's actions—although not rising to the level of entrapment—purposefully escalated the crime. The court also found strong potential for rehabilitation. Despite the admittedly objective and verifiable reasons delineated by the sentencing judge in his erudite discourse regarding what substantial and compelling reasons should mean, he nonetheless concluded that there were no substantial and compelling reasons justifying a departure in this case.

We find that the sentencing court imposed an impossibly high standard on defendant. The circumstances of this case, as found by the sentencing court, justified the departure that the judge indicated he would like to make. Under *Hill,* which is the law of the state, there were indeed substantial and compelling reasons to depart from the mandatory minimum.

Reversed and remanded for imposition of the sentence that the trial court indicated would be appropriate if substantial and compelling reasons for departure were present.

CONNOR, J., concurred.

TAYLOR, J. *(dissenting in part).* I agree with the majority that the sentencing judge applied the

wrong standard in determining what factors constitute substantial and compelling reasons for departure. I disagree, however, with the majority's conclusion that the articulated reasons given by the judge with respect to why he wanted to depart downward, while incorrectly believing he could not depart downward, should be deemed on appellate review to require a downward departure. Rather, I would vacate the sentence imposed because an erroneous standard was used, and remand for resentencing. This would give the sentencing judge the opportunity to consider, under the proper standard, the factors advanced in favor of a downward departure.