PEOPLE v EALY

Docket No. 186095. Submitted January 14, 1997, at Lansing. Decided April
    1, 1997, at 9:20 A.M.

   Tony M. Ealy pleaded guilty in the Oakland Circuit Court, David P.
   Kerwin, J., of one count of delivering more than 225 grams but less
   than 650 grams of cocaine, one count of delivering more than 50
   grams but less than 225 grams of cocaine, and three counts of
   delivering less than 50 grams of cocaine and was sentenced to con-
   secutive terms of imprisonment of twenty to thirty years, ten to
   twenty years, and one to twenty years, respectively, after selling
   increasing amounts of cocaine to an undercover police officer in a
   series of transactions. The defendant appealed.

      The Court of Appeals *held*:

      1. The police did not engage in "sentence entrapment." Entrap-
   ment occurs when the police engage in impermissible conduct that
   would induce a law-abiding person to commit a crime in similar
   circumstances, or engage in conduct so reprehensible that it can-
   not be tolerated. Entrapment will not be found where, as here, the
   police do nothing more than present the defendant with the oppor-
   tunity to commit the crime of which the defendant was convicted.
   There is no evidence in this case that the police allowed the
   cocaine sales merely to enhance the defendant's eventual sentence.
   Rather, the sales of increasing amounts of cocaine were allowed in
   an effort to determine how much the defendant could sell and who
   his source was.

      2. The defendant's statutorily mandated sentences are presump-
   tively proportionate, and the trial court did not abuse its discretion
   in imposing the mandatory minimum sentences inasmuch as the
   defendant failed to offer substantial and compelling reasons for
   departing from the mandated sentences.

      Affirmed.

*Frank J. Kelley*, Attorney General, *Thomas L.
Casey*, Solicitor General, *Richard Thompson*, Prose-
cuting Attorney, *Joyce F. Todd*, Chief, Appellate Divi-

sion, and *Anica Letica*, Assistant Prosecuting Attorney, for the people.

*Hatchett, DeWalt & Hatchett* (by *Elbert L. Hatchett*), for the defendant.

Before: FITZGERALD, P.J., and MACKENZIE and A. P. HATHAWAY*, JJ.

PER CURIAM. Defendant pleaded guilty of one count of delivery of more than 225 grams but less than 650 grams of cocaine, MCL 333.7401(2)(a)(ii); MSA 14.15(7401)(2)(a)(ii), one count of delivery of more than 50 but less than 225 grams of cocaine, MCL 333.7401(2)(a)(iii); MSA 14.15(7401)(2)(a)(iii), and three counts of delivery of less than 50 grams of cocaine, MCL 333.7401(2)(a)(iv); MSA 14.15(7401)(2)(a)(iv). He was sentenced to consecutive prison terms of twenty to thirty years, ten to twenty years, and one to twenty years, respectively. Defendant appeals as of right. We affirm.

Defendant's convictions arose out of a series of five cocaine sales made to an undercover police officer. In each sale, the officer offered to purchase an amount of cocaine and defendant set the price. The first two sales involved one-half of one gram, the third sale involved an eighth of an ounce, the fourth involved two ounces, and the final sale involved 250 grams of cocaine. The officer testified that he purchased greater amounts of cocaine from defendant to determine how much defendant could deliver and to discover defendant's source.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Defendant contends that the police committed "sentencing entrapment" by wrongfully inducing him to participate in offenses involving escalating amounts of cocaine and exposing him to greater penalties. The trial court found no sentencing entrapment, instead concluding that the increase in the amounts of drugs involved was "good and proper police work." We agree with the trial court.

In Michigan, entrapment is analyzed according to a two-pronged test, with entrapment existing if either prong is met. The court must consider whether (1) the police engaged in impermissible conduct that would induce a law-abiding person to commit a crime in similar circumstances, or (2) the police engaged in conduct so reprehensible that it cannot be tolerated. *People v Fabiano*, 192 Mich App 523, 526; 482 NW2d 467 (1992), relying on *People v Juillet*, 439 Mich 34; 475 NW2d 786 (1991). Entrapment will not be found where the police do nothing more than present the defendant with the opportunity to commit the crime of which he was convicted. *People v Butler*, 444 Mich 965, 966 (1994).

Although the issue of sentencing entrapment has not been addressed in Michigan, federal courts have considered the issue. In *United States v Staufer*, 38 F3d 1103, 1106 (CA 9, 1994), quoting *United States v Stuart*, 923 F2d 607, 614 (CA 9, 1991), the court indicated that sentencing entrapment occurs when " 'a defendant, although predisposed to commit a minor or lesser offense, is entrapped in committing a greater offense subject to greater punishment.' " See also *United States v Stavig*, 80 F3d 1241, 1245 (CA 8, 1996), quoting *United States v Aikens*, 64 F3d 372, 376 (CA 8, 1995), ("[S]entencing entrapment may

occur where outrageous government conduct over-
comes the will of a defendant predisposed to deal
only in small quantities of drugs, for the purpose of
increasing the amount of drugs and the resulting sen-
tencing imposed against that defendant.") and *United
States v Garcia*, 79 F3d 74, 75 (CA 7, 1996).

In this case, the police did nothing more than pres-
ent defendant with the opportunity to commit the
crimes of which he was convicted. Although an
informant told the police that defendant was capable
of supplying a couple of grams of cocaine and defend-
ant initially sold small amounts of cocaine to the
undercover officer, defendant did not hesitate in sell-
ing the officer increasing amounts and eventually sold
him 250 grams of cocaine. See *United States v Walls*,
315 US App DC 111; 70 F3d 1323 (1995) (the fact that
the defendants showed no hesitation in committing
the crime for which they were convicted was suffi-
cient to defeat their sentencing entrapment argu-
ment).

There is no evidence that the police continued the
purchases merely to enhance defendant's eventual
sentence. The undercover officer testified that he pur-
chased greater amounts of cocaine from defendant in
order to determine defendant's selling capabilities and
to discover the identity of defendant's supplier.
Although defendant could have been arrested after
any of the earlier transactions, the delay in his arrest
was justified on the ground that an earlier arrest
would have impaired the ability of the police to con-
duct an ongoing undercover narcotics investigation.
See *People v Betancourt*, 120 Mich App 58, 62; 327
NW2d 390 (1982). See also *United States v Calva*, 979
F2d 119, 123 (CA 8, 1992) (police . . . must be given

leeway to probe the depth and extent of a criminal enterprise, to determine whether coconspirators exist, and to trace the drug deeper into the distribution hierarchy). The trial court did not clearly err in determining that there was no sentencing entrapment in this case.

We also reject defendant's claim that his sentence was disproportionately harsh. *People v Milbourn*, 435 Mich 630; 461 NW2d 1 (1990). Legislatively mandated sentences, such as the ones in this case, are presumptively proportionate. *People v DiVietri*, 206 Mich App 61, 63; 520 NW2d 643 (1994). A sentencing court may depart from a mandatory minimum sentence where substantial and compelling reasons justify such a departure, however. MCL 333.7401(4); MSA 14.15(7401)(4). In this case, defendant failed to present sufficiently substantial and compelling reasons to justify a departure from the mandatory minimum sentences. Although he had a good prior record and steady work history, see *People v Shinholster*, 196 Mich App 531; 493 NW2d 502 (1992), defendant had been unemployed in the months before the drug transactions, was sophisticated enough in his sales to use a pager, and lacked any hesitancy in providing ever-increasing amounts of cocaine to the undercover officer. Under these circumstances, we cannot say that the trial court abused its discretion in not deviating from the mandatory minimum sentences.

Affirmed.