MARKMAN, J.,
concurred with TAYLOR, J.
CORRIGAN, C.J. (concurring in part and dissenting in part). Although I agree with the result of the majority’s decision, I cannot agree with its analysis. Any sentencing departure that endorses an inherently subjective factor such as the defendant’s intent cannot satisfy our Legislature’s requirement that any sentencing departures be based on objective and verifiable factors. I continue to believe that sentencing escalation or entrapment is merely the entrapment defense asserted at sentencing rather than before trial and that these related concepts have no valid legal foundation. Further, I agree with the majority that the recent United States Supreme Court decision in Blakely v Washington, 542 US_; 124 S Ct 2531; 159 L Ed 2d 403 (2004), does not invalidate Michigan’s indeterminate sentencing scheme as a whole. Nonetheless, the majority’s sweeping language regarding judicial powers to effect departures (not limited to downward departures) will invite challenges to Michigan’s scheme; it appears to conflict with principles set out in Blakely.
I. BACKGROUND
The concepts of “sentencing entrapment” or “escalation” originated in the federal circuit courts of appeals as arguments in support of a departure from the federal sentencing guidelines. See United States v Lenfesty, 923 F2d 1293, 1300 (CA 8, 1991) (“We are not prepared to say there is no such animal as ‘sentencing entrapment.’ Where outrageous official conduct overcomes the will of *733 an individual predisposed only to dealing in small quantities, this contention might bear fruit.”); United States v Staufer, 38 F3d 1103, 1108 (CA 9, 1994) (“We are persuaded that ‘sentencing entrapment may be legally relied upon to depart under the Sentencing Guidelines,’. . . [citing United States v Barth, 990 F2d 422, 424 (CA 8, 1993)].”). Sentencing entrapment “occurs when ‘a defendant, although predisposed to commit a minor or lesser offense, is entrapped in committing a greater offense subject to greater punishment.’ ” Staufer, supra at 1106, citing United States v Stuart, 923 F2d 607, 614 (CA 8, 1991).
In Michigan, the concept of sentencing entrapment or escalation was first approved in People v Shinholster, 196 Mich App 531; 493 NW2d 502 (1992). In Shinhol-ster, the Court of Appeals approved of the consideration of sentencing “escalation” in departing from a mandatory minimum sentence, holding that among those factors authorizing a departure was “that the government’s actions—although not rising to the level of entrapment—purposefully escalated the crime.” Id. at 535.
The theory of “escalation” was again discussed in People v Ealy, 222 Mich App 508; 564 NW2d 168 (1997). In Ealy, the defendant argued that “the police committed sentencing entrapment by wrongfully inducing him to participate in transactions involving escalating amounts of cocaine and exposing him to greater penalties.” Id. at 510. The Court in Ealy applied the current objective test for entrapment to the “escalation” claim:
In Michigan, entrapment is analyzed according to a two-pronged test, with entrapment existing if either prong is met. The court must consider whether (1) the police engaged in impermissible conduct that would induce a law-abiding person to commit a crime in similar circum *734 stances, or (2) the police engaged in conduct so reprehensible that it cannot be tolerated. [Id,.]
The Court in Ealy also quoted the federal circuit test for sentencing entrapment and held that the facts in the case did not support application of the theory because the police did nothing more than present defendant with the opportunity to commit the offenses at issue. Id. at 510-511. The Court stated that “the delay in [the defendant’s] arrest was justified on the ground that an earlier arrest would have impaired the ability of the police to conduct an ongoing undercover narcotics investigation.” Id. at 511.
The only precedent from this Court involving the concept of sentencing escalation is People v Fields, 448 Mich 58, 79; 528 NW2d 176 (1995), in which three justices approved of the adoption in Shinholster of the concept of “escalation” as a mitigating factor surrounding an offense.[1]
Thus, the entrapment defense and the concept of sentencing entrapment or escalation are two sides of the same coin. The effect of the entrapment defense is to absolve of responsibility those whose conduct the Legislature has deemed criminal, and the effect of sentencing entrapment or escalation is to partially absolve of responsibility those whose conduct the Legislature has determined warrants a specific minimum penalty. The similarity of the two concepts can be seen *735 in Ealy, in which the Court of Appeals applied the general entrapment test in evaluating the defendant’s claim of sentencing escalation.
Indeed, sentencing entrapment or escalation is often used to effectively nullify an element of a crime for which the defendant was convicted by purporting to lessen or eliminate the defendant’s intent. This is no different than the application of the entrapment defense before trial. Evidence regarding the nature and extent of defendant’s intent is only a proper subject for the case-in-chief, when determining whether the elements of a crime have been established. Reviewing a defendant’s subjective intent at sentencing can amount to a nullification of a conviction, or at least an element of a crime, without procedural protections.
In cases in which only a general intent is required, the Legislature has already determined that the specific intent of the individual defendant is irrelevant for the purpose of a conviction. If the intent is irrelevant at the initial stage for the purpose of the conviction, it cannot be used at sentencing as an end-run around the Legislature’s decision. Here, the Legislature determined that those who intend to distribute drugs assume the risk of punishment according to the amount distributed. It is not for this Court to make a different policy decision upon sentencing.
II. THE VALIDITY OF THE ENTRAPMENT DEFENSE
For the reasons stated in my dissenting statement in People v Moffett, 464 Mich 878 (2001), I believe that the judicially crafted entrapment defense—in all its forms—is without constitutional foundation. Once a “defendant has engaged in conduct constituting all the elements of a criminal offense, as defined by the Legis *736 lature,” this Court does not then have the authority to conclude that the Legislature did not intend that the defendant be punished or that the prosecution should be barred as a matter of policy. Id. at 895. To do so runs afoul of settled principles of statutory interpretation as well as principles of separation of powers. Id. at 895-896.
Sentencing entrapment or escalation is no different. Once a defendant has committed an offense that the Legislature has determined requires a certain minimum punishment, this Court lacks any authority to determine that the Legislature did not really “mean” to apply that punishment to the defendant or that the legislatively mandated punishment should not be applied as a matter of policy. “The regulation of law enforcement practices involved in the investigation and detection of crime falls within the police power of the legislative branch,” not within the implied judicial powers or rulemaking authority of this Court under Const 1963, art 6, §§ 1, 5. Id. at 897-898. Just as “[t]he assignment of criminal responsibility is undeniably a matter of substantive law” reserved for the Legislature, id. at 898, so is the allocation of criminal punishment. For this Court to refuse to apply a legislatively mandated minimum sentence would impermissibly usurp both the legislative and executive functions, in violation of Const 1963, art 3, § 2.
Both the general entrapment defense and the concept of sentencing entrapment or escalation require a court to “disregard the law” and bar prosecution or the imposition of punishment if the court forms the opinion that the crime has been instigated or escalated by government officials. See id. at 898. The judicial branch lacks the authority to disregard the law or supervise law enforcement procedure. Therefore, the general entrap *737 ment defense and the concept of sentencing entrapment and escalation are without valid legal foundations and should be abrogated.[2]
HI. SENTENCING ENTRAPMENT OR ESCALATION AND OUR LEGISLATIVELY MANDATED SENTENCING SCHEME
As this Court noted in People v Babcock, 469 Mich 247, 255-256; 666 NW2d 231 (2003), the promulgation of statutory sentencing guidelines has changed the legal landscape:
Under the statutory sentencing guidelines, a departure is only allowed by the Legislature if there is a “substantial and compelling reason” for doing so. MCL 769.34(3). Accordingly; since the enactment of the statutory sentencing guidelines, the role of the trial court has necessarily been altered. Before the enactment of these guidelines, the trial court was required to choose a sentence within the statutory minimum and maximum that was “proportionate to the seriousness of the circumstances surrounding the offense and the offender.” [People v Milbourn, 435 Mich 630, 636; 461 NW2d 1 (1990)]. Following the enactment of these guidelines, the trial court is required to choose a sentence within the guidelines range, unless there is a “substantial and compelling” reason for departing from this range. Consequently... the role of the Court of Appeals has also changed from reviewing the trial court’s sentencing decision for “proportionality” to reviewing the trial court’s sentencing decision to determine, first, whether it is within *738 the appropriate guidelines range and, second, if it is not, whether the trial court has articulated a “substantial and compelling” reason for departing from such range.
For a reason to be “substantial and compelling,” it must be “objective and verifiable.” Id. at 257-258.
Although the majority attempts to conform to the legislative requirements by requiring objective and verifiable proof that police conduct (or any other general cause) influenced the defendant’s intent, the fact remains that the departure is, in fact, based on the defendant’s intent, which is an inherently subjective factor. I cannot fathom how a person’s subjective intent can ever be considered objective or verifiable.
“Intent” is defined as “the state of a person’s mind that directs his or her actions toward an objective.” Random House Webster’s College Dictionary (1997). The state of a defendant’s mind is an inherently subjective factor and cannot suffice as an objective and verifiable factor for a sentencing departure. Subjective intent or motivation cannot satisfy Babcock, no matter how “objectively” the defendant presents his version of the state of his mind. Therefore, the concept of sentencing entrapment or escalation is at odds with our legislatively mandated sentencing scheme.[3]
In addition, although I agree with the majority that Blakely, supra, does not invalidate our sentencing scheme, I question the majority’s sweeping statements in section V of its opinion responding to my dissent. The *739 majority states that the Legislature has provided sentencing courts latitude to consider factors inadmissible at trial. Ante at 730. The majority also opines that such latitude is evident from the Legislature’s directive regarding what information may be included in a presen-tence report. The majority continues:
A presentence report prepared pursuant to MCL 771.14 can include hearsay, character evidence, prior convictions, and alleged criminal activity for which the defendant was not charged or convicted. Moreover, the sentencing guidelines themselves, MCL 769.34(3), use this approach by empowering the trial court to consider virtually any factor that meets the substantial and compelling standard. Certainly this encyclopedic grant allows the consideration of matters broader than those matters already before the court at trial, because if it did not, the statute would be conveying no greater authority than that previously possessed. [Ante at 730.]
Although I agree that Blakely does not implicate our sentencing scheme, the full scope of the Blakely decision has yet to be determined. Given the response to Blakely, it appears likely that the issue of mandatory minimum sentences will need to be settled. See Laurie E Cohen and Gary Fields, High-Court Ruling Unleashes Chaos Over Sentencing, The Wall Street Journal, July 14, 2004. Given the lack of any definitive statement by the United States Supreme Court regarding mandatory minimum sentences, I believe that sweeping statements of broad judicial authority, like those quoted above, may serve only to borrow trouble. The majority’s broad assertions of judicial power are not necessary to the disposition of this case and may unnecessarily subject our sentencing scheme to future criticism. In short, although Michigan’s sentencing scheme is not currently affected by Blakely, I believe the wisest course is to act circumspectly to avoid making *740 our scheme vulnerable when the time inevitably comes to evaluate mandatory minimum sentencing schemes.
IV APPLICATION
MCL 333.7401(2)(a)(iii), at the time of this action, provided for a mandatory minimum sentence of ten years for this sort of drug offense. Former MCL 333.7401(4) provided that the court could depart from the minimum term of imprisonment “if the court finds on the record that there are substantial and compelling reasons to do so.” Again, we noted in Babcock that “substantial and compelling” was a legal term of art that required, among other things, that the reason be objective and verifiable.[4]
The finding of sentencing entrapment or escalation here was based solely on the trial court’s subjective assessment of the defendant’s subjective intent. This finding cannot be considered objective and verifiable, and so the departure from the mandatory minimum *741 sentence cannot be considered valid under MCL 333.7401(4). Therefore, I agree that resentencing is required.
V CONCLUSION
The judicially created entrapment defense and the concepts of sentencing entrapment and escalation have no valid legal foundation. Reviewing a defendant’s subjective intent at sentencing amounts to a nullification of a conviction, or possibly of an element of a crime, without procedural protections. Further, any departure based on sentencing entrapment or escalation is necessarily based on the defendant’s subjective intent and, thus, cannot be considered objective and verifiable. Therefore, departures based on the concept of sentencing entrapment or escalation violate the statutory requirements for a sentencing departure.
CAVANAGH, J. (concurring in part and dissenting in part). I agree with the majority’s conclusion that a sentencing judge may consider whatever individualized factors the judge believes are relevant. I also agree with the majority’s determination that Blakely v Washington, 542 US_; 124 S Ct 2531; 159 L Ed 2d 403 (2004), does not appear to affect scoring systems that establish recommended minimum sentences, such as we have in Michigan. Moreover, I tend to agree with the lead opinion’s ultimate rationale. The lead opinion notes that sentencing entrapment and sentencing manipulation are distinct theories. However, the lead opinion then concludes that the same test is to be employed in cases of sentencing entrapment and in cases of sentencing manipulation. I must respectfully disagree with such an approach.
*742 In United States v Lora, 129 F Supp 2d 77, 89-90 (D Mass, 2001), the court aptly noted:
Some courts and scholars, however, distinguish between sentencing factor manipulation and sentencing entrapment. ... Under this approach, sentencing factor manipulation may exist regardless of the defendant’s predisposition. The doctrine focuses exclusively on the motives of law enforcement authorities in manipulating the sentence, as when an agent delays an arrest with the purpose of increasing the defendant’s sentence.. .. One commentator illustrated the distinction:
“An example of ‘sentencing entrapment’ would be when a government agent offers a kilogram of cocaine to a person who has previously purchased only gram or ‘user’ amounts, for the purpose of increasing the amount of drugs for which he ultimately will be held accountable. On the other hand, an example of ‘sentencing manipulation’ would be when an undercover agent continues to engage in undercover drug purchases with a defendant, thereby stretching out an investigation which could have concluded earlier, for the sole purpose of increasing the defendant’s sentencing exposure, or when an undercover agent insists that a defendant ‘cook’ powder cocaine into ‘crack,’ well-knowing that sentences for dealing in crack are significantly higher than sentences for dealing in powder cocaine.”
Amy Levin Weil, “In Partial Defense of Sentencing Entrapment,” 7 Fed. Sentencing Rep. 172, 174 (1995) (footnotes omitted). In any event, the sentencing entrapment and manipulation doctrines both require a finding of improper motive on the part of the government before a departure is warranted.
Rather than vacating and remanding, I would simply affirm the decision of the Court of Appeals. The trial court stated on the record that the downward departure was based on substantial and compelling reasons that were objective and verifiable. On appeal, the Court of Appeals affirmed and specifically found that the stated reason for departure at issue here, sentencing manipu *743 lation (also referred to as sentencing escalation), was substantial and compelling, as well as objective and verifiable. The panel noted, “Thus, it objectively appears that the police made additional purchases that resulted in escalating the seriousness of the offenses of which defendant was convicted. This fact is verified in the PSIR ....” Unpublished opinion per curiam, issued October 18, 2002 (Docket No. 238984), p 3. Because I believe such determinations to have been proper and, thus, the test set forth in People v Babcock, 469 Mich 247; 666 NW2d 231 (2003), was met, I would affirm the decision of the Court of Appeals.

 Justice Boyle concurred, but declined to join in the approval of Shinholster, stating that it was
dicta with a vengeance. The question whether defendant’s successive criminal acts not involving police entrapment can amount to a mitigating circumstance is far too significant to be resolved in the context of a record that does not present that question. [Id. at 82 n 1.]

 The majority mischaracterizes my position as agreeing with the notion that “police conduct alone cannot be considered at sentencing ....” Ante at 728. My position, however, is broader than that. As previously explained, I disagree with the concept of sentencing entrapment or escalation altogether regardless whether such “entrapment” or “escalation” resulted from police conduct alone or police conduct and some other factor. It is the very notion of sentencing entrapment and escalation with which I disagree and which is without any valid legal foundation, not the fact that such “entrapment” or “escalation” ultimately stems from police conduct.

 To the extent that the majority is actually talking about a defendant’s motive, and not intent, there may be situations in which objective and verifiable evidence of motive will keenly and irresistibly grab the court’s attention and justify a sentencing departure. Under the facts of this case, however, I question how defendant’s subjective decision to sell drugs of varying amounts from his employer’s vehicle on company time can be considered an objective and verifiable factor that keenly or irresistibly grabs the court’s interest.

 MCL 769.34(2)(a) provides, in relevant part:
If a statute mandates a minimum sentence for an individual sentenced to the jurisdiction of the department of corrections, the court shall impose sentence in accordance with that statute. Imposing a mandatory minimum sentence is not a departure under this section. If a statute mandates a minimum sentence for an individual sentenced to the jurisdiction of the department of corrections and the statute authorizes the sentencing judge to depart from that minimum sentence, imposing a sentence that exceeds the recommended sentence range but is less than the mandatory minimum sentence is not a departure under this section. [Emphasis added.]
Although the sentence after departure here did exceed the recommended sentencing guidelines range, it is irrelevant that the sentence would not be considered a departure under MCL 769.34 because former MCL 333.7401(4) imposed a separate requirement that the departure be supported by substantial and compelling reasons.