# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellant,

v

TIGH EDWARD CROFF,

Defendant-Appellee.

UNPUBLISHED
October 23, 2014

No. 314409
Wayne Circuit Court
LC No. 10-001232-FC

Before: GLEICHER, P.J., and SERVITTO and RONAYNE KRAUSE, JJ.

PER CURIAM.

This is the prosecution's second appeal from the circuit court's imposition of a probationary sentence for defendant's voluntary manslaughter conviction, MCL 750.321.[1] This Court previously rejected one of the circuit court's two reasons for selecting a downward departing sentence and remanded for resentencing. *People v Croff*, unpublished opinion per curiam of the Court of Appeals, issued September 20, 2012 (Docket No. 303003), pp 4-5.

On remand, the circuit court imposed a slightly longer term of probation and cited an additional ground as support for its determination. The grounds for departure now cited are minimally valid, but the circuit court failed to justify the extent of the departure. We affirm in part, vacate in part, and remand for further proceedings.

## I. BACKGROUND

A jury convicted defendant of felony-firearm and voluntary manslaughter for the shooting death of Herbert Silas. Defendant had been the victim of a series of robberies. As a result, he obtained a permit to carry a concealed weapon. On the night in question, defendant returned home to find two men in his backyard attempting to break and enter. Defendant chased the men down, and used his concealed weapon to shoot Silas in the chest when Silas turned around and attempted to surrender. The other would-be burglar escaped. *Croff*, unpub op at 1-2.

---

[1] The prosecution has never appealed defendant's concurrent two-year term of imprisonment for felony-firearm.

The circuit court initially imposed a three-year probationary term for the voluntary manslaughter conviction, a downward departure from the 29 to 57-month minimum sentencing guidelines range. *Id.* at 2. The court indicated that this sentence was proportionate because the guidelines gave too much weight to defendant's nearly ten-year-old misdemeanor convictions and because defendant's status as the initial victim in this scenario was not taken into account. *Id.* at 2-3.

This Court held that the circuit court did not abuse its discretion in reducing the weight given to defendant's old convictions. However, this Court disagreed with the circuit court's assessment that the guidelines did not take into consideration defendant's victim status. Offense Variable (OV) 6 does take that fact into account, this Court ruled, because it permits a score of 10 points when a defendant commits voluntary manslaughter "in response to victimization of the offender by the decedent." *Id.* at 5.

On remand, the Department of Corrections rescored defendant's sentencing variables. It found a juvenile adjudication for retail fraud that had not been included in its first presentencing information report (PSIR). Defendant denied that the conviction belonged to him. The circuit court resolved the issue by giving that juvenile adjudication little weight in its decision. That adjudication was several years older than defendant's other misdemeanor convictions, which already had been given reduced weight, the court reasoned.

The court then proceeded to sentence defendant to four years probation. To support this new downward departing sentence, the court cited this Court's approval of its reliance on the "disproportionate impact of [defendant's] prior record." The court also noted defendant's good behavior while in prison for the felony-firearm conviction, including a prison warden's praise of defendant's prison conduct. This spoke well of defendant's chance of rehabilitation in the court's estimation.

## II. ANALYSIS

The prosecution again challenges the circuit court's imposition of a probationary sentence instead of a prison term for the voluntary manslaughter conviction.

Generally, a court must impose a sentence within the minimum sentencing guidelines range. In "exceptional cases," the court may depart from that range if it articulates on the record substantial and compelling reasons supporting the particular departure. *People v Babcock*, 469 Mich 247, 255-257; 666 NW2d 231 (2003), citing MCL 769.34(3).

> The trial court may not base a departure "on an offense characteristic or offender characteristic already taken into account in determining the appropriate sentence range unless the court finds from the facts contained in the court record, including the presentence investigation report, that the characteristic has been given inadequate or disproportionate weight." [*People v Smith*, 482 Mich 292, 300; 754 NW2d 284 (2008), quoting MCL 769.34(3)(b).]

The court may only rely upon factors that are "objective and verifiable." *Babcock*, 469 Mich at 257. To warrant a departure, the factors used must be "of considerable worth in deciding the length of a sentence." *Id.* (quotation marks and citation omitted). "[C]ommonplace

repercussions of criminal activity do not support departures" as the guidelines were designed "to promote uniformity in criminal sentencing" with such concepts already in mind. *Smith*, 482 Mich at 302. "When departing, the trial court must explain why the sentence imposed is more proportionate than a sentence within the guidelines recommendation would have been." *Id.* at 304.

Under the sentencing guidelines, the circuit court's factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence. *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). Whether a factor is objective and verifiable is reviewed de novo as a matter of law. Whether those objective and verifiable factors constitute a substantial and compelling reason to justify a particular departure, and the extent of the departure, are reviewed under the abuse of discretion standard. *Smith*, 482 Mich at 300; *Babcock*, 469 Mich at 264-265.

On appeal, the prosecution first contends that the circuit court improperly based the downward departing sentence on defendant's "remorse." See *People v Daniel*, 462 Mich 1, 8; 609 NW2d 557 (2000) (holding that a show of remorse is a subjective factor that is not objective and verifiable and therefore cannot support a departing sentence). The circuit court did not rely on defendant's remorse in determining defendant's sentence, however. Rather, the court noted that defendant's remorse "speaks well of you," but proceeded to impose sentence based on other factors.

The prosecution also challenges the court's reliance on defendant's good prison record. The use of this information has been approved on several occasions. In *People v Shinholster*, 196 Mich App 531, 535; 493 NW2d 502 (1992), the trial court considered that the defendant "had already served four years in prison and had a very good record, receiving only three tickets for misconduct." This Court held that this was a substantial and compelling reason supporting a departing sentence. As noted in *People v Triplett*, 407 Mich 510, 516; 287 NW2d 165 (1980), "a defendant's conduct while in prison may shed considerable light on the prospect of rehabilitation," and is a "valuable tool" in individualizing a particular defendant's sentence at a resentencing hearing. In *People v Fields*, 448 Mich 58, 78-79; 528 NW2d 176 (1995), our Supreme Court approved this Court's holding in *Shinholster*, but did not explicitly state that a good prison record is a substantial and compelling reason for departure. And the *Fields* holding does not include an exhaustive list of approved substantial and compelling reasons for departure. See *id.* at 78-80. Further, this Court has approved the use of a defendant's prison misconduct in justifying an upward departing sentence. See *People v Watkins*, 209 Mich App 1, 6; 530 NW2d 111 (1995). Thus, we find in the caselaw no explicit or implied disapproval of consideration of a defendant's prison record when individualizing a sentence.

Moreover, the information provided to the trial court in this case was objective and verifiable. "To be objective and verifiable, a reason must be based on actions or occurrences external to the minds of those involved in the decision, and must be capable of being confirmed." *People v Anderson*, 298 Mich App 178, 183; 825 NW2d 678 (2012) (citation omitted).

The circuit court was not relying on its own opinion of defendant's conduct. Rather, defendant's "prisoner program and work assignment" evaluations were impeccable and he was described as a "good worker." John Abdoo, an assistant resident unit supervisor at the prison

facility where defendant was housed, acknowledged defendant's four misconduct tickets while in prison. Yet, he informed the PSIR compiler:

> [Defendant] is not a problem in my unit. He is very respectful with both staff and prisoners. All of the misconducts listed except the 3/29/2011 Threatening behavior are by my standards and experience, [sic] should have been handled in a different way. They are arbitrary at best.

Because Abdoo's statements were based on objective and verifiable data, they supplied the court with an appropriate basis for a departure sentence. The list of misconduct tickets that defendant received while imprisoned is capable of being confirmed. And the comments made by Abdoo could be verified by interview if necessary. Abdoo observed defendant's interactions with his fellow prisoners and other staff members and was able to comment on their nature. Abdoo was a supervisor who could form an opinion and comment on the appropriateness of the discipline handed down by his lesser officers.

The prosecution also returns to its argument that the circuit court abused its discretion in concluding that defendant's prior misdemeanors were given disproportional weight under the guidelines. This Court expressly rejected this argument in its previous opinion, finding that the circuit court did not abuse its discretion when it so concluded at the first sentencing hearing. *Croff*, unpub op at 5. The disproportionate weight given to defendant's old convictions was a "valid reason" supporting departure, this Court held. *Id.* at 5-6. We are precluded by the law of the case doctrine from revisiting that issue. See *People v Fisher*, 449 Mich 441, 444-445; 537 NW2d 577 (1995) ("[I]f an appellate court has passed on a legal question and remanded the case for further proceedings, the legal questions thus determined by the appellate court will not be differently determined on a subsequent appeal in the same case where the facts remain materially the same.").

Here, the facts remain materially unchanged. The circuit court recognized that the Department of Corrections uncovered a potential additional juvenile adjudication for retail fraud from 1995, which was not included in calculating the sentencing guidelines for the first sentencing. This newly discovered adjudication is even older and less serious than the 10-year-old misdemeanor convictions to which the circuit court previously gave little weight. We can find no error when this Court already approved of the treatment of the more recent and more serious offenses.

The prosecution also challenges the proportionality of a probationary sentence for a voluntary manslaughter conviction. The prosecution contends, "Probation is not a proportionate sentence for a defendant who executes a surrendering man even if he has been provoked." This is exactly the same argument the prosecution raised in its appellate brief in the prior appeal. The circuit court discussed proportionality at the original sentencing hearing, although in a minimalistic manner. This Court did not address the circuit court's explanation of why the downward departing sentence was more reasonable than one within the guidelines range. Rather, this Court held that, given the loss of "the primary reason" supporting the original downward departing sentence, this Court could not "conclude that the trial court would have departed to the same extent." *Croff*, unpub op at 6.

On remand, the circuit court construed this Court's silence as rejection of the prosecution's argument that probation can never be imposed for a voluntary manslaughter conviction. We agree. The issue was placed before this Court and this Court implied that such a sentence could be imposed, thereby binding this panel. See *Fisher*, 449 Mich at 444-445. In summary, the trial court's bases for imposing a departure sentence were objective and verifiable, substantial and compelling, and adequately justified a downward variance from the guidelines.

Nevertheless, the prosecution accurately identifies a critical resentencing omission: the trial court failed to articulate a justification for the extent of the departure independent of the reasons supporting the departure.

> In determining whether a sufficient basis exists to justify a departure, the principle of proportionality-that is, whether the sentence is proportionate to the seriousness of the defendant's conduct and to the defendant in light of his criminal record-defines the standard against which the allegedly substantial and compelling reasons in support of departure are to be assessed. [*Babcock*, 469 Mich at 262.]

Consequently, we must remand for the requisite articulation. On remand, the trial court must consider any up-to-date information regarding defendant it deems relevant, including his conduct during the course of his probation. If it elects to do so, the trial court may also set forth additional reasons supporting a departure sentence.

We affirm in part, vacate in part, and remand for further proceedings. We do not retain jurisdiction.

/s/ Elizabeth L. Gleicher
/s/ Deborah A. Servitto
/s/ Amy Ronayne Krause