*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

JEREMIAH QUICK,

Defendant-Appellant.

UNPUBLISHED
August 10, 2023

No. 363153
Gogebic Circuit Court
LC No. 2019-000198-FH

Before: RIORDAN, P.J., and MARKEY and YATES, JJ.

PER CURIAM.

Defendant, Jeremiah Quick, appeals by leave granted[1] his minimum sentence of 36 months in prison for uttering and publishing a document affecting real property, MCL 750.249b. On appeal, defendant argues that his sentence is disproportionate and unreasonable because it is 12 months above the upper end of the sentencing guidelines. We affirm.

## I. FACTS

On October 18, 2019, defendant pled guilty to one count of uttering and publishing a document affecting real property. In exchange, the prosecutor dismissed an identical second count. The trial court then sentenced defendant to 12 months in jail, with credit for 105 days served, and three years' probation.

Defendant subsequently committed multiple probation violations. On February 23, 2022, the trial court held a hearing on these violations. At the hearing, defendant pled guilty to four violations. The first violation was a positive drug test on February 19, 2022, for methamphetamine, amphetamine, and THC. Defendant admitted to snorting a "line of cocaine," which "ended up coming back positive for meth and everything else." He claimed that he only intended to consume cocaine, but the line was "cut" with methamphetamine. With regard to the

---

[1] See *People v Quick*, unpublished order of the Court of Appeals, entered November 10, 2022 (Docket No. 363153).

positive for THC, defendant stated that he "smoked THC every once in a while to keep [him] calm." Defendant then admitted to being a daily THC smoker while on probation.

The second violation was malicious destruction of property. Defendant admitted that on October 17, 2021, he maliciously destroyed property with a value between $200 and $1,000. Defendant explained that he was having problems with the mother of his child, so he punched her car window and broke it.

The final two violations were stalking and driving a vehicle with a suspended license. Defendant admitted that on June 8, 2021, he repeatedly messaged the mother of his child's friend asking how and where he could see his child. He sent over ten consecutive messages to this individual, for which, in response, she filed a stalking charge. A few days later, on June 14, 2021, defendant was driving to go see his child when he was stopped by the police and cited for driving a vehicle with a suspended license.

At his probation violation hearing, the trial court explained to defendant that "the maximum penalty you face would be for a revocation of probation and a resentencing on the 14-year uttering and publishing charge." Nonetheless, defendant pled guilty to the four probation violations.

On March 24, 2022, the trial court sentenced defendant. The trial court initially stated that while the guidelines recommendation of a minimum sentence between 12 to 24 months in prison was taken into consideration, it was not binding on the court. There were no objections to the scoring of the guidelines.

The prosecutor asserted that "extending probation any longer or excusing him from additional incarceration isn't -- isn't going to be the fix for him, but rather I think now he needs to face some punishment for his actions." He asked the trial court to place defendant with the "Michigan Department of Corrections for a period of a minimum of 4 years to a maximum of 14 years, together with the noted credit of 406 days." Defense counsel, on the other hand, observed that defendant is a homeowner who is willing to sell his home to pay off his fines, that he is a father, and that "he is very open and eager to get himself into some sort of treatment, both for mental health and substance abuse." Defense counsel informed the trial court that defendant has held past jobs and had new employment arranged. She argued that a prison sentence would not be helpful, but a lengthy probation period with mental health and substance abuse treatment would be the most beneficial for defendant.

With regard to sentencing itself, the trial court emphasized once again that while the sentencing guidelines of 12 to 24 months are advisory, they are not binding. The trial court then considered what would be a proportionate sentence; that is, "proportionate to the seriousness of the offense and proportionate to the seriousness of the offender."

The trial court explained that it "consider[ed] how he's done on probation and the events surrounding his various violations." Each violation was taken into consideration. The failed drug test was considered a technical violation, which "has various limitations on this court's sentencing power." But the other violations also were addressed, including malicious destruction of property, stalking, and driving with a suspended license. The trial court then coupled these violations with defendant's previous probation violation of failing to stay in the state while on probation. Also, the trial court noted, defendant failed to fulfill the probation condition of mental health counseling as he simply quit the program. Additionally, the trial court considered defendant's inability to

demonstrate that he was willing and able to maintain some sort of employment. The trial court noted that while the underlying conviction was defendant's first felony, he has over 13 misdemeanors on his record from 2016 to the time of original sentencing in this matter. Moreover, defendant committed at least two more misdemeanors during probation.

For these reasons, the trial court sentenced defendant to 36 months to 14 years in prison, with credit for 406 days served. This appeal followed.

## II. STANDARD OF REVIEW

A trial court's sentencing decision is reviewed for an abuse of discretion. *People v Masroor*, 313 Mich App 358, 373; 880 NW2d 812 (2015), rev'd in part on other grounds by *People v Steanhouse*, 500 Mich 453; 902 NW2d 327 (2017). An abuse of discretion in relation to a sentencing decision occurs when the sentence is not proportionate in light of the seriousness of the circumstances surrounding the offense and the offender. *Id.* at 373-374.

## III. DISCUSSION

Defendant argues that the trial court abused its discretion by imposing a sentence that was 12 months above the sentencing guidelines without sufficient justification. We disagree.

Sentencing guidelines are advisory and are not binding on the court. See *People v Lockridge*, 498 Mich 358, 392; 870 NW2d 502 (2015). An upward departure is reviewed for reasonableness. *Id.* A sentence is not reasonable if it violates the "principle of proportionality," which "requires sentences imposed by the trial court to be proportionate to the seriousness of the circumstances surrounding the offense and the offender." *People v Milbourn*, 435 Mich 630, 636; 461 NW2d 1 (1990). This requires the court to "take into account the nature of the offense and the background of the offender." *Id.* at 651. When considering the proportionality of the sentence, the court can consider several factors including, but not limited to,

> (1) the seriousness of the offense; (2) factors that were inadequately considered by the guidelines; and (3) factors not considered by the guidelines, such as the relationship between the victim and the aggressor, the defendant's misconduct while in custody, the defendant's expressions of remorse, and the defendant's potential for rehabilitation. [*People v Lampe*, 327 Mich App 104, 126; 933 NW2d 314 (2019) (quotation marks and citation omitted).]

"Generally, sentences falling within the minimum sentencing guidelines range are presumptively proportionate." *People v Steanhouse (On Remand)*, 322 Mich App 233, 238; 911 NW2d 253 (2017), vacated in part on other grounds by *People v Steanhouse*, 504 Mich 969 (2019). "However, a departure sentence may be imposed when the trial court determines that 'the recommended range under the guidelines is disproportionate, in either direction, to the seriousness of the crime.' " *Steanhouse*, 322 Mich App at 238, quoting *Milbourn*, 435 Mich at 636. "An appellate court must evaluate whether reasons exist to depart from the sentencing guidelines and whether the *extent* of the departure can satisfy the principle of proportionality." *Steanhouse*, 322 Mich App at 239. "Therefore, even in cases in which reasons exist to justify a departure sentence, the trial court's articulation of the reasons for imposing a departure sentence must explain how the extent of the departure is proportionate to the seriousness of the circumstances surrounding the offense and the offender." *Id.*

In this case, the 36-month minimum sentence given to defendant constitutes an upward departure by 12 months. We conclude that the trial court did not abuse its discretion in applying the principle of proportionality.

Defendant pleaded guilty to four probation violations, including stalking, driving a vehicle with a suspended license, malicious destruction of property, and use of a controlled substance. In addition, he failed to comply with several of his probation conditions. Further, he did not follow through with required mental health counseling, he violated the prohibition on controlled substances, he violated the obligation to not engage in abusive or threatening behavior, and he left the state to attend a concert without alerting his probation officer, which he was required to do. None of these facts, individually or in a group, are considered by the sentencing guidelines. See *Lampe*, 327 Mich App at 126. Moreover, defendant has a significant number of misdemeanors on his record, including the two additional convictions since the start of his probation in the instant matter.[2] Each of these facts, which were thoroughly reviewed by the trial court at sentencing, support an upward departure. Further, the 12-month upward departure imposed by the trial court is not excessive and essentially amounts to an additional three months in prison for each probation violation. Thus, we find, the 12-month upward departure was reasonable.

Still, defendant argues that the sentence was unreasonable and not proportionate for several reasons. He argues that he is willing to get treatment for substance abuse, eager to engage in mental-health counseling, and is able to obtain employment. However, these are subjective claims that are inconsistent with the objective facts. For example, while defendant claims that he is eager to engage in mental-health counseling, the record shows otherwise. Thus, the trial court cannot be faulted for emphasizing defendant's repeated failure to comply with the terms of probation, as opposed to his stated intent to be a law-abiding citizen.

In this regard, defendant argues that the trial court relied too heavily on the criminal charges that occurred while he was on probation to justify the upward departure. Defendant asserts that it is "unfair and inappropriate" to rely on this criminal conduct when he is already facing penalties for these charges in the separate criminal cases themselves. However, our Supreme Court has recognized that "[t]he act giving rise to the probation violation may provide a substantial and compelling reason to depart from the legislative sentencing guidelines." *People v Hendrick*, 472 Mich 555, 560; 697 NW2d 511 (2005) (emphasis omitted).[3] In this case, defendant committed not

---

[2] Prior record variable (PRV) 5 was scored at 15 points. MCL 777.55(1)(b) provides that a 15-point score is warranted when "[t]he offender has 5 or 6 prior misdemeanor convictions or prior misdemeanor juvenile adjudications." While the trial court noted that defendant had over a dozen misdemeanor convictions, MCL 777.55(1)(a) generally instructs that a prior misdemeanor conviction should only be counted "if it is an offense against a person or property, a controlled substance offense, or a weapon offense." Several of defendant's misdemeanors did not fall within these categories. Therefore, the sentencing guidelines failed to fully consider defendant's extensive misdemeanor history and provided additional justification for the upward departure. See *People v Barnes*, 332 Mich App 494, 505; 957 NW2d 62 (2020).

[3] While "substantial and compelling reasons" is no longer the standard for appellate review of a departure sentence, the principle that probation violations may justify an upward departure remains valid.

one, but multiple probation violations. Moreover, to the extent that defendant challenges the trial court's consideration of his overall criminal history, this Court has expressly recognized that the defendant's prior record may be considered when departing from the sentencing guidelines. See *People v Shinholster*, 196 Mich App 531, 534; 493 NW2d 502 (1992). Therefore, it is not unfair or inappropriate to rely on defendant's prior record when considering the proper sentence.

To summarize, the trial court considered defendant's probation violations, failure to follow through with mental health counseling as required by the terms of probation, and his previous record of numerous misdemeanors to determine his sentence. These are sufficient reasons to depart from the sentencing guidelines by 12 months. The trial court reasonably exercised its discretion in determining what sentence is proportionate to the seriousness of defendant's conduct and to the seriousness of his criminal history. In other words, the 36-month minimum sentence was reasonable, and the trial court did not abuse its discretion by imposing it.

## IV. CONCLUSION

The trial court did not abuse its discretion by exceeding the sentencing guidelines by 12 months and imposing a 36-month minimum sentence. We affirm.


/s/ Michael J. Riordan
/s/ Jane E. Markey
/s/ Christopher P. Yates

-5-